1  JOSEPH RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
     9th Floor Federal Building
5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
6    Telephone: (415) 436-7017

7  Attorneys for United States of America

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 | RONALD B. BACCEI, Trustee of the Eda    )   Case No. 07-5329-PJH
   | O. Pucci 2004 Revocable Trust,          )
12 |                                         )   DECLARATION OF
   |        Plaintiff,                       )   CYNTHIA STIER IN SUPPORT
13 |    v.                                   )   OF MOTION FOR SUMMARY
   |                                         )   JUDGMENT
14 | UNITED STATES OF AMERICA                )
   |                                         )
15 |        Defendant.                       )
   |                                         )
16 |_____)

17  I, Cynthia Stier, do hereby declare as follows:

18      1.      I am an Assistant United States Attorney for the Northern District of California,

19  and in such capacity represent the defendant, the United States of America, in this action. I have

20  personal knowledge of the facts set forth in this declaration and, if called upon to do so, could

21  and would testify competently thereto. The document attached hereto Declaration of Diligence

22  to Liquidate Assets For Payment of Federal Estate Tax (Estate of Eda Olga Pucci) was provided

23  to me by the Internal Revenue Service in the course of my defense of this action.

24      I declare under penalty of perjury that the foregoing is true and correct to the best of my

25  knowledge.

26
        Executed on _March 14, 2008_.
27
                                        Respectfully submitted,
28
                                        /S/ Cynthia Stier
                                        CYNTHIA STIER
                                        Assistant U.S. Attorney

**Declaration Of Diligence To Liquidate Assets
For Payment Of Federal Estate Tax
(Estate Of Eda Olga Pucci)**

I, Edward W. Suman, allege the following facts based on information and belief, and if called as a witness can testify to the truth thereof:

I am an attorney licensed to practice law in the State of California.

I prepared the Trust and the Will in 2004 for Eda O. Pucci ("decedent"), which are the testamentary documents in this estate.

Decedent died in Lucca Italy on September 17, 2005. Ronald B. Baccei was nominated decedent's successor trustee and executor.

Prior to decedent's death while she resided in Italy, Mr. Baccei handled her financial matters in California, such as paying expenses on her real properties in San Francisco and Millbrae.

At the time of Mrs. Pucci's death, Mr. Baccei had access to Citibank account number ▇▇▇▇▇▇360 with a balance of $47,995.89, which he was administering as trustee of the ARMANDO AND EDA O. PUCCI 1995 TRUST, to pay their expenses.

Mr. Baccei notified me of Mrs. Pucci's death soon thereafter and asked me to represent him in the administration of her estate, which I agreed to do. Mr. Baccei and I persistently sought to liquidate assets to obtain funds to pay Federal Estate taxes. Due to difficulties in liquidating assets as stated below, the estate lacked adequate funds to make a tax deposit when the request for

extension was filed, despite reasonable and good faith efforts to liquidate assets.

On or about September 28, 2005, I received Mrs. Pucci's death certificates from Italy, in her maiden name "Eda Olga Baccei". (Exhibit 1)(All exhibits referenced are attached hereto.)

The real properties which are the primary assets in Mrs. Pucci's gross estate, were appraised by Melvin C. Kerwin, probate referee, in December 2005, as of September 17, 2005, as follows:

    1221 Lake Street, Millbrae, CA: $1,370,000

    2105/7 Jackson Street, San Francisco, CA: $2,050,000

    1775/7 Pacific Avenue, San Francisco, CA: $1,700,000

    Pine View Heights, Lake County, CA: $55,000

All parcels are improved except for Pine View Heights.

These properties had all been transferred to the EDA O. PUCCI 2004 REVOCABLE TRUST from the ARMANDO AND EDA O. PUCCI 1995 TRUST dated June 6, 1995, amended October 13, 2000, by Affidavits Of Death of Armando Pucci, executed by Eda O. Pucci when Armando Pucci had died in Italy in 2003. His death certificates were translated by Global Translation And Interpretation, 448 Beech Avenue, San Bruno, CA, from Italian to English. Those translations were accepted by the Recorders for all three counties, which also accepted Global Translation's translation of the apostille for Mrs. Pucci's Grant Deeds of the properties to her 2004 revocable trust. (See Exhibit 9 for example.)

Declaration Of Diligence To Liquidate Assets
For Payment Of Federal Estate Tax
(Estate Of Eda Olga Pucci)                                                              Page 3 of 8

On or about September 30, 2005, I called Global Translation to arrange for the translation of Ms. Pucci's death certificates. On or about October 10, 2005, they completed the translations.

On October 24, 2005, I called Wells Fargo Bank regarding liquidation of the Nationwide Life annuity policy valued at approximately $328,000. The employee handling the annuity, Kate Martinez, would not identify the beneficiaries or assist in its liquidation at the early stage of administration. Decedent's 2004 trust turned out to be the beneficiary, however, Ms. Martinez did not provide this information until months later.

In October 2005, Mr. Baccei and I searched for the names and addresses of all relatives to whom notice of administration of the trust and probate proceedings is required. This required locating addresses in Italy.

A petition to administer the estate and a Spousal Property Petition were filed on or about January 31, 2006, with the San Mateo County Superior Court. A hearing date was set for March 14, 2006.

Wells Fargo Bank and the Bank of America would not allow Mr. Baccei access to Mrs. Pucci's safe deposit box, therefore, it was necessary to obtain an order which was issued on or about February 7, 2006, which allowed Mr. Baccei to gain access to her safe deposit boxes in late February, 2006. (Exhibits 2 and 3)

In or about March 2006, Anne and Dina Pucci of Italy, submitted a purported contest of the trust. Mr. Baccei wanted some resolution as to the

Declaration Of Diligence To Liquidate Assets
For Payment Of Federal Estate Tax
(Estate Of Eda Olga Pucci)                                                                Page 4 of 8

validity of their claim before selling the real property. They have not pursued the claim.

The Spousal Property Petition was granted on March 14, 2006, however, the petition to administer the probate estate was continued to April 14, 2006, because I overlooked filing and publishing a notice of petition to administer estate. The petition to administer the estate requested that Mrs. Pucci's Wills of October 13, 2000, and December 6, 2004, both be admitted (California Probate Code section 8226(b)) because of an issue as to whether the Eda O. Pucci 2004 trust incorrectly revoked the Armando and Eda O. Pucci 1995 trust as amended, which became irrevocable upon Armando Pucci's death. The Court opined that only the last Will dated December 6, 2004, was likely to be admissible. That Will lacked a subscribing witness in the United States, therefore a declaration was needed to prove the Will. The hearing was continued to May 9, 2006, at which time Mr. Baccei was appointed Executor. (Exhibit 11)

In April 2006, certified Affidavits Of Death were sent to the San Francisco County, San Mateo County and Lake County Recorders so that title would be in the name of Ronald Baccei as successor trustee for the purpose of transferring title to any buyers. Only the Lake County Affidavit Of Death was recorded. San Francisco and San Mateo counties refused to record the Affidavits Of Death because Global Translation was not on the list of interpreters approved by the State of California.

On April 28, 2006, and May 3, 2006, I sent the San Francisco affidavits to Global Translation with a request to notarize them at the Clerk's office. (Exhibit 10) This request was not accomplished.

On or about May 22, 2006, I retained Miriam L. Eldridge, Ph.D., who I understood to be a member of the Northern California Translators Association, approved by the Judicial Council. (Exhibit 12)

In late May 2006, Ms. Eldridge had completed her translations.

In early June, the Affidavits of Death with Ms. Eldridge's translations were sent to the San Francisco Recorder. (Exhibit 15) The Recorder would not record them because Ms. Eldridge was not on their approved list. San Mateo County also would not accept her interpretation.

In mid June 2006, I retained another interpreter approved by the State of California, Angela E. Zawadzki. (Exhibit 17) In early July, I sent the revised affidavits to her.

It took her over a month to complete the translations, despite the fact that I had called her three times in late July and early August, and on August 7, 2006, wrote a letter to her in early August requesting that she expedite the translations. (Exhibit 20) On August 8, 2006, the Affidavits of Death of Trustee were recorded by her with the San Francisco Recorder. (See example in Exhibit 22)

On or about August 21, 2006, Mr. Baccei retained a broker to list the San Francisco properties. On or about September 7, 2006, he obtained listing agreements for the San Francisco properties. (Exhibits 24 and 25)

In October 2006, he obtained an offer to purchase the Jackson Street property in San Francisco for $1,940,000. On or about November 17, 2006, escrow closed on that sale. (Exhibit 26) The proceeds are being held for payment of the Federal Estate taxes due in this estate.

The Pacific Avenue property in San Francisco, in the opinion of the real estate agent, was not marketable at the appraised price, because of unevictable tenants under the San Francisco Rent Control Act, who are paying minimal rent.

The property in Lake County also has been unmarketable at the listed price.

A listing agreement has been obtained for the Millbrae property on Lake Street. (Exhibit 27)

In late May 2006, letters went to the Bank of America and Wells Fargo Bank requesting valuations of the accounts. (Exhibit 13) The Bank of America did not respond and in early July 2006, a repeat letter was sent. (Exhibit 18)

On June 20, 2006, I sent a confirming letter to Kate Martinez to the effect that she would obtain approximate $90,000 to apply to Federal Estate taxes. (Exhibit 16) This $90,000 payment did not, to the best of my knowledge, materialize.

In early July 2006, Wells Fargo Bank provided values of the Wells Fargo accounts.

On July 14, 2006, a letter was sent to Kate Martinez of Wells Fargo Bank requesting liquidation of the Nationwide Life annuity. Wells Fargo Bank then requested a death certificate which was sent on July 31, 2006.

Wells Fargo Bank checking account number 947-3234-XXX shows a deposit of $330,611.87 dated September 1, 2006, in the 2004 revocable trust account. (Exhibit 28) This money is essentially from the liquidation of the Nationwide Life annuity in August 31, 2006, which then had a value of $328,903.64.

Wells Fargo Bank checking account number 515-3629-XXX, the probate estate account, had an ending balance as of September 11, 2006, of $379,355.66. The account consists primarily of deposits on July 18, 2006, of $35,921 from the Wells Fargo accounts, $241,118 from the Bank of America accounts, and $99,412 on August 16, 2006, from liquidation of Wells Fargo debentures. (Exhibit 23)

Mr. Baccei has been at all times diligent and cooperative in my requests to sign and provide documents, to contact financial institutions, to market the real estate, and to do what is necessary to liquidate the assets to obtain funds to pay the Federal Estate taxes.

The funds to pay taxes were not available until the times set forth above.

Attached hereto are Exhibits 1 through 28, all of which are true and correct copies of documentation in support of this declaration of diligence.

Declaration Of Diligence To Liquidate Assets
For Payment Of Federal Estate Tax
(Estate Of Eda Olga Pucci)                                              Page 8 of 8

    I declare that the foregoing is true and correct to the best of my knowledge, on information and belief, under penalty of perjury under the laws of the State of California.

Dated: December 1, 2006

Edward W. Suman

C:\MyDocuments\Clients\puci\eda\edaII\declaration