JOSEPH RUSSONIELLO  (CSBN 44332)
United States Attorney
THOMAS MOORE  (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
  9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone:  (415) 436-7017

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **RONALD B. BACCEI, Trustee of the Eda O. Pucci 2004 Revocable Trust,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**UNITED STATES OF AMERICA**<br><br>    **Defendant.** | Case No. 07-5329-PJH<br><br>**NOTICE OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 7, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17thFl. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 7, 2008, at 9:00 a.m., before the Phyllis J. Hamilton, United States District Court Judge, United States District Court, 17th Floor, Courtroom No. 3, 450 Golden Gate Avenue, San Francisco, California, Defendant, United States of America, through its undersigned counsel, will move for summary judgment against Plaintiff Ronald B. Baccei.

**ISSUES**

1. Whether the Plaintiff filed a timely extension of the time to pay taxes?

2. Whether "reasonable cause" exists thereby excusing the failure to timely pay taxes?

**STATEMENT OF FACTS**[1]

Ronald B. Baccei, the executor of the estate of Eda O. Pucci, commenced this action against

---

[1] The parties have stipulated to the facts. See Stipulated Facts for Cross-Motions for Summary Judgment.

1  defendant, the United States of America, by filing a Complaint on October 18, 2007 with the
2  United States District Court for the Northern District of California.. The United States filed its
3  Answer to Complaint on January 15, 2008.
4      The Form 706 United States Estate (and Generation-Skipping Transfer) Tax Return for the
5  estate of Eda O. Pucci for the 2005 tax year was due on June 19, 2006. In a form dated June 16,
6  2006, Certified Public Accountant Dean A. Bagley made an Application for Extension of Time
7  to File a Return and/or Pay U.S. Estate Taxes (Form 4768).   Ronald B. Baccei was named as
8  executor of the estate in this Form 4768. Included with the Form 4768 was a letter from Dean A.
9  Bagley explaining why the tax could not be paid, and requesting an extension of time to pay.
10 The Internal Revenue Service granted the estate of Eda O. Pucci an automatic six-month
11 extension of time to file Form 706 as requested, but did not grant an extension of time to pay the
12 tax.
13     The Internal Revenue Service received a Form 706 United States Estate Tax Return from the
14 estate of Eda O. Pucci on December 19, 2006, which was within the six-month extension to file
15 previously granted by the Internal Revenue Service. On this date the Internal Revenue Service
16 also received payment of the balance due on the return of $1,684,408.00. Since the Internal
17 Revenue Service had not granted an extension of time to pay the tax, this payment was late.
18     The Internal Revenue Service issued to the plaintiff a Request for Payment of Penalties and
19 Interest for paying federal estate taxes late in a letter dated February 5, 2007. The total amount
20 due and owing as of February 5, 2007 was $128,755.28. Plaintiff paid the penalties and interest,
21 then made a claim for refund of penalties with the IRS Appeals Office on June 12, 2007. The
22 Service denied plaintiff's claim for refund on the basis that plaintiff failed to request an extension
23 of time to pay estate tax.
24 //
25 //
26 //
27 //
28

Baccei v. US, Case No.
07-5329-PJH, US Motion
for Summary Judgment            2

**ARGUMENT**

**I.**

<u>THE UNITED STATES IS ENTITLED TO SUMMARY JUDGMENT AGAINST RONALD B. BACCEI</u>

**A.  Ronald B. Baccei failed to timely file an application for extension of time to pay.**

Plaintiff filed an extension of time to file the tax return but not to pay the tax.  An application containing a request for an extension of time to pay the estate tax must: 1) be in writing, 2) state the period of the extension requested, 3) include a declaration that it is made under penalties of perjury, and 4) if the application is based upon reasonable cause or undue hardship to the estate, the application must include a statement of such reasonable cause or undue hardship.  26 C.F.R. § 20.6161-1(b).

Ronald B. Baccei failed to satisfy four of the above-mentioned five requirements.  He filed a Form 4768 with the Internal Revenue Service within the requisite statute of limitations but that Form qualified for the extension of time to file.  Plaintiff did not file a separate Form 4768 to pay the tax.  The Form 4768 filed by the Plaintiff cannot meet the requirements of an extension of time to pay because Plaintiff failed to check the box in Part III of Form 4768 requesting an extension of time to pay, thus it was an incomplete Form 4768.  He made a written request for extension of time to pay U.S. estate tax, but failed to state the period of the extension requested, include a declaration that it was made under penalty of perjury, and a statement evidencing reasonable cause or why a denial of the extension would result in undue hardship to the estate.

An extension of time for filing an estate tax return does not operate to extend the time for payment of the tax.  26 C.F.R. § 20.6081-1(e)hereto.  If an extension of time to file a return is obtained, but no extension of time for payment of the tax is granted, interest will be due on the tax not paid by the due date and the estate will be subject to all applicable late payment penalties. 26 C.F.R. § 20.6081-1(e)

The Instructions for Form 4768 provide that "[a] separate Form 4768 is required to request an extension of time to pay. See Instructions for Form 4768, Exhibit 1 hereto.  Plaintiff did not file a

separate Form 4768. Plaintiff may argue that an implied extension of time to pay the tax was submitted, however, the implied extension would not meet the requirements set forth in 26 C.F.R. § 20.6161-1(b) as discussed above.

The fact that Ronald B. Baccei timely filed an extension of time to file the estate tax return is a separate consideration from the extension of time to pay, and does not operate to automatically extend the time for payment of the estate tax. Baccei must independently satisfy the requirements for an extension of time to pay in order for the request to be granted by the IRS. Baccei's CPA submitted to the IRS a written request in the form of a letter dated June 16, 2006, that explained why the estate was unable to pay the estate tax. However, the letter failed meet two requirements - that it state the period of the extension requested, and include a declaration that it was made under penalties of perjury. Since Baccei's written request failed to meet the requirements for an extension of time to pay federal estate tax, the IRS properly assessed penalties and interest for late payment of the estate tax and he is not entitled to a refund of late payment penalties.

**B. CPA Bagley's error is chargeable to plaintiff, and does not constitute reasonable cause excusing the failure to pay tax under 26 U.S.C. § 6651(a).**

When a taxpayer fails to comply with the statutory requirements for obtaining an extension, the law provides that a penalty be assessed for failure to comply with the law. See United States v. Boyle, 469 U.S. 241, (1985). Thus, Section 6651 (a)(2) of the Internal Revenue Code (26 U.S.C.) imposes a penalty for a taxpayer's delinquent payment of tax. The penalty is imposed for failure to pay the amount shown as tax on a return on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. 26 U.S.C. § 6651(a)(2).

Plaintiff contends that the penalty should be abated on the ground that the failure to timely pay was due to reasonable cause, i.e. that Plaintiff was not at fault and that any blame rests on CPA Bagley who Plaintiff "hired to prepare all prepare all papers in connection with the federal

//

1  estate tax." Complaint, page 3, paragraph 15. This defense carries a heavy burden. See <u>United
2  States v. Boyle</u>, 469 U.S. at 245.

3   *Boyle* involved an executor who retained an attorney to handle tax matters for the estate. The
4  attorney filed to file the estate tax return on time and the executor requested that the associated
5  penalties be abated because the lawyer's mistake was due to "reasonable cause." The Supreme
6  Court disagreed. "To say that it was 'reasonable' for the [taxpayer] to assume that the attorney
7  would comply with the statute may resolve the matter between them, but not with respect to the
8  [taxpayer's] obligations under the statute." <u>United States v. Boyle</u>, 469 U.S. at 250. Despite the
9  bright line test set forth in *Boyle*, the Supreme Court left open the door for a narrow exception by
10 distinguishing cases involving a taxpayer with a "disability" precluding compliance with the tax
11 code. The underlying principle was to not penalize a taxpayer for circumstances beyond his
12 control. <u>United States v. Boyle</u>, 469 U.S. at 248, n. 6.

13  In <u>Atlas Therapy v. United States</u>, 66 F.Supp.2d 1203 (N.D. Ala. 1999), Plaintiff attempted to
14 fit within *Boyle's* narrow exception by arguing that an incompetent employee disabled the
15 corporation from paying its taxes. The court disagreed:

16   Atlas simply cannot fit itself within this very narrow exception to Boyle's broad rule. In
  the case at bar, there is no allegation that the taxpayer was unable to file its returns or pay
17   its taxes, except that it left the job to an agent who bungled it.

18 <u>Atlas Therapy</u>, 66 F.Supp.2d at 1209.

19  Accordingly, an executor's reliance on an attorney, accountant, or other expert alone does not
20 constitute reasonable cause excusing the failure to pay tax under 16 U.S.C. § 6651(a)(2). <u>Estate
21 of Kerber v. U.S.</u>, 717 F.2d 454 (8th Cir. 1983)(Executrix's argument that she exercised ordinary
22 business care and prudence in relying on the advice of an attorney for the estate and an
23 accountant regarding the due dates and penalties was not reasonable cause for late payment of tax
24 owed by the estate); <u>Ellis v. U.S.</u>, 1992 WL 199220 (S.D. Cal. 1992)(Taxpayer's failure to meet
25 tax payment deadline due to reliance on his attorney's representation as to the payment extension
26 deadline was not reasonable cause, because a taxpayer can ascertain deadlines with ease and does
27 //
28

Baccei v. US, Case No.
07-5329-PJH, US Motion
for Summary Judgment       5

1  not need the assistance of a professional to ascertain and meet those deadlines); Pfeiffer v. U.S.,
2  315 F.Supp. 392 (E.D. Cal. 1970) (Executrix that voluntarily assumed such position and received
3  commission for services was not mistaken in hiring experienced attorney and accountant to aid
4  her in duties as executrix, but reasonable cause was not shown for her delegation of duties to
5  attorney - she was still under an obligation to oversee activities of attorney and accountant and
6  should have known that estate taxes would have to be paid); Corum v. U.S., 1982 WL 1634
7  (W.D. Mo. 1982)( Inexperienced executor who knew that estate tax must be paid did not prove
8  reasonable cause for failure to pay by showing reliance on attorney to prepare and file estate tax
9  return)
10     Only in very limited circumstances have federal courts found reasonable cause excusing the
11 failure to pay estate tax when an executor relied on an attorney, accountant or other expert. In
12 Clum v. U.S., 424 F.Supp. 2 (S.D. Ohio 1976), the court found reasonable cause to abate the
13 penalty for an executor, a 60-year-old farmer with a high school education who was not a
14 businessman, was not aware of his obligation to pay federal estate taxes, had disclosed all
15 relevant facts to the estate's attorney, and relied on attorney to prepare all required legal
16 documents.  Plaintiff in the case at bar cannot argue that he is devoid of any business experience
17 as he actively participated as executor of a large estate.  As shown by the Declaration of
18 Plaintiff's attorney, Edward Suman, (1) Mr. Baccei had access to a Citibank account which he
19 was administering as trustee of the Armando and Eda O. Pucci 1995 Trust; (2) with his attorney,
20 Mr. Baccei persistently sought to liquidate assets to obtain funds to pay federal estate taxes; (3)
21 searched for relatives to notify of the administration of the trust and probate proceedings; (4)
22 made the determination that a resolution to a relative's contest to the trust was necessary before
23 selling the real property of the trust; (5) was aware that he attorney overlooked filing and
24 publishing a notice of petition to administer the estate which resulted in a continuance of the
25 petition to administer the estate; (6) retained a broker to list the real properties; (7) obtained
26 offers to purchase the trust properties; (8) was diligent and cooperative with his attorney at all
27 times in requests to sign and provide documents, to contact financial institutions, to market the
28

Baccei v. US, Case No.
07-5329-PJH, US Motion
for Summary Judgment                               6

1  real estate and to do what [was] necessary to liquidate the assets to pay the Federal Estate taxes."
2  See Exhibit 1 to Declaration of Cynthia Stier.
3      These facts do not indicate that the plaintiff was inexperienced as an executor or unaware of
4  his obligation to pay federal estate taxes.  Nor do the facts indicate that the certified public
5  accountant advised the plaintiff to file the estate tax return late as a result of decisions that were
6  reasonable and reflected ordinary business care and prudence.  As executor, plaintiff was
7  responsible for ensuring estate taxes were paid, and his reliance on a certified public accountant
8  to file the estate tax return and pay the tax does not constitute reasonable cause excusing the
9  failure to pay tax under 26 U.S.C. § 6651(a)(2).  See Sheehan v. United States, 1979 WL 1379,
10 (N.D. Ohio 1979); Rapelje v. Commissioner, 73 T.C. 82, 89 (1979)(reliance on retained counsel
11 without inquiry is insufficient to discharge obligation to oversee attorney's compliance with the
12 filing requirements)
13     Since Ronald B. Baccei failed to show reasonable cause excusing the failure to pay tax under
14 26 U.S.C. § 6651(a)(2), he is not entitled to a refund of the late filing penalty imposed, and the
15 Court should enter summary judgment in favor of the United States.

16 **CONCLUSION**

17     Based on the foregoing reasons, the defendant, the United States of America, respectfully
18 requests that this Court enter summary judgment in favor of the United States.

19
20                                       Respectfully submitted,

21                                       JOSEPH RUSSONIELLO
22                                       United States Attorney

23 Date: March 18, 2008                /s/ Cynthia Stier
                                                  CYNTHIA STIER
24                                         Assistant United States Attorney

25
26
27
28