EDWARD W. SUMAN, SBN 46026
881 Sneath Lane, Suite 218
San Bruno, CA 94066
(650) 583-3200 Telephone
(650) 583-1689 Fax

Attorney for Plaintiff,
Ronald B. Baccei

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald B. Baccei, Trustee of the Eda O. Pucci 2004 Revocable Trust, | Case No. C 07 5329 PJH |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| The United States of America, | Date: May 7, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor |
| Defendant. | |

Plaintiff, Ronald B. Baccei, opposes Defendant's Motion for Summary Judgment as follows:

I.  FACTS

A stipulation entitled Stipulated Facts For Cross-Motions For Summary Judgment was filed on March 19, 2008.  Plaintiff supplements those facts by the declaration of Ronald B. Baccei and declaration of Dean A. Bagley, CPA, filed herewith.

//

//

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Case No. C 07 5329 PJH]

1

## II. ARGUMENT

A. <u>Plaintiff Filed a Timely Application for Extension of Time to Pay under the Substantial Compliance Doctrine</u>

In ***Germantown Trust Company v. Commissioner of Internal Revenue***, 309 U.S. 304, the petitioner trust company filed fiduciary income tax returns on Form 1041which accurately stated the gross income, deductions and net income, i.e. all information necessary to calculate the tax, however, it failed to compute the tax.  The IRS contended that such a return was deemed no return, and therefore, the limitations period for an assessment was four years instead of two years had the return been properly filed.  The Supreme Court rejected this contention and held that the return was a return.

Here, the Internal Revenue Service penalized plaintiff $58,954.28 because his CPA didn't use a separate Form 4768 to request an extension of time to pay.  The application for extension of time to file a return and/or pay U.S. estate (and generation-skipping transfer) taxes, a dual use form, is attached to the declaration of Dean A. Bagley, CPA.

Under Part III, extension of time to pay (section 6161), the form states: "You must attach your written statement to explain in detail why it is impossible or impractical to pay the full amount of the estate (or GST) tax by the return due date...."  The enclosed letter referred to Form 4768 and explained why the tax could not be paid at that time and stated: "We seek this extension of time to pay as well as asking that no penalty be asserted." Defendant has cited no regulation or other law that requires a separate Form

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Case No. C 07 5329 PJH]

2

4768.

Mr. Bagley requested a six-month extension of time to pay. Mr. Baccei's check of $1,684,408, the proper amount, was credited by the IRS on December 19, 2006, within the six-month period. The fact that the IRS's instructions, which were not on the Form 4768, but on a brochure that requires a separate request for an extension of time to pay, may not have been literally complied with, caused no prejudice to the IRS. The estate could not pay the funds until real property was sold and that did not occur until November 2006. The IRS received interest due to the delay, which plaintiff is not contesting. The non-adherence, if any, to the IRS instruction pamphlet was procedural and did not derogate from the essential statutory purposes, which the estate fulfilled by timely filing of the original estate tax return and the extended return by paying the tax within the six month extended period, and then by promptly paying the interest and negligence penalty. In fact, IRC section 6161(a)(1) which authorizes an extension of six months to pay the tax, extends that time to twelve months for the estate tax, thus recognizing that more time is needed to pay estate taxes.

The vast weight of authority excuses the negligent penalty absent a showing of intent to profit by late payment or willful neglect.

Substantial compliance with regulatory requirements may suffice when such requirements are procedural and when the essential statutory purposes have been fulfilled (***American Air Filter Company v. Commissioner of Internal Revenue***, 81 T.C. 709, 719, 722-724, 727 (1983)). ***American Air***

*Filter* involved a taxpayer who was a U.S. shareholder of wholly owned foreign corporations. He intended to receive minimum distributions from two of the corporations, but due to a clerical oversight, the required election was not filed with the taxpayer's return, however, one was provided to the Commissioner during the audit of the taxpayer's return. Petitioner also failed to file the required statement to elect the 180-day distribution period, but otherwise indicated an intention to make such election. The opinion held that the taxpayer had effectively elected to receive minimum distributions and effectively elected the 180-day distribution period. The ruling was adverse to the petitioner on other issues, including the issue of the minimum distribution because it was the essence of an IRS regulation. (p.727). The opinion stated on pages 722 and 723:

> "The petitioner's 1974 return certainly indicated that a minimum distribution had been received from one or more of the controlled corporations, and the return provided all the information required to make the election with respect to each of the petitioner's controlled foreign corporations. Thus the petitioner's return information provided the Commissioner with most of the information which the regulations required, even though it was not contained in a single election statement. (citation)
>
> The only information not contained in the return was the method elected and the names of the controlled foreign corporations whose subpart F income was excluded. This information, while important, was furnished during the audit, and there is no indication that the Commissioner's temporary lack of it prejudiced him in any way. On this record we conclude that the petitioner substantially complied with the requirement for electing section 963 for 1974."

The same analysis was used with respect to the 180-day period. The Court stated on p. 724:

> "The analysis concerning the election of section 963 is equally applicable here: the petitioner has complied with the essence of the statute, and the Commissioner has not demonstrated that he was prejudiced in any way by the petitioner's technical failure...hence, we conclude that the petitioner has effectively elected the 180-day distribution period for 1974."

***American Air Filter*** was cited in another penalty assessment case, ***Shotgun Delivery v. United States of America***, No. 00-15495, United States Court of Appeals, 9th Circuit, filed October 16, 2001.

### B. Even If CPA Bagley Erred, Which Plaintiff Denies, Plaintiff Exercised Due Care and Was Not Willfully Neglectful

Plaintiff prudently retained a well-qualified and knowledgeable CPA.

The cases which uphold negligence penalties have overtones of profit seeking or definite warnings to the taxpayer. There isn't a hint of such factors here.

This is not a case of late filing of a tax return, which must be signed by the taxpayer. This was a request to extend time to file and pay. It was properly signed by the CPA—not the taxpayer.

In ***Henry v. CIR***, 9770485 (1999) an appeal of the negligence tax from the U.S. Tax Court, the CFO of a corporation erroneously reported proceeds from the sale of options as long-term capital gains instead of ordinary income. He asserted that he did so in the advice of his tax accountant. The opinion citing ***United States v. Boyle*** 469 U.S. 241, 251 (1985), held that the taxpayer reasonably relied on the company's long-time accountant and that the Tax Court's findings otherwise were based on speculation.

***Collins v. C.I.R.*** 857 F2d 1383 involved taxpayers who deducted mining

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Case No. C 07 5329 PJH]

5

expenses for a gold mining fiasco that never progressed beyond aborted equipment tests. The IRS disallowed the deductions and was upheld by the Tax Court, which found a lack of profit motive, lack of economic substance to the investment and a motive to profit by tax benefits. The taxpayers' contention that they relied on their accountants was rejected because the accountants had no first-hand knowledge about the mining venture.

Conversely, here, Mr. Bagley was intimately familiar with the Pucci Estate, having prepared the Pucci's tax returns for years.

In ***Foster v. C.I.R.*** 756 F.2d 1430, 1439 (1985), Jack Foster, the developer of Foster City, upon the advice of his accountant, employed a complicated structure of his operations in order to justify deductions. The Tax Court's disallowance of these deductions was upheld by the 9th Circuit, however, the negligence penalty was vacated because the positions taken by Mr. Foster was reasonably debatable.

In ***Skeen v. C.I.R.*** 864 F.2d 93, 96 (9th Cir. 1989), a penalty assessment was upheld where the taxpayer claimed deductions in five categories related to mining operations, but he couldn't recall how he arrived at the deductions, recalling only that his accountant said they were safe. The 9th Circuit opinion found that there was no business purpose in the mining operation other than the hope of a return on his investment solely from tax benefits.

***Foster v. C.I.R.*** was cited in ***Betson v. C.I.R. Service*** 802 F.2d 365, 372. The taxpayers, ***Betson***, claimed personal deductions in connection with the operation of liquor stores owned by their corporation. The opinion found that

although **Betson**'s position was incorrect it was "reasonably debatable."  Mr. **Betson** relied in good faith on the substantive advice of his accountant and there were no facts shown sufficient to charge him with notice of the erroneous legal position asserted in his return.  The opinion also cited ***United States v. Boyle*** 469 U.S. 241, stating, "The Supreme Court has held that while hiring an attorney or accountant does not insulate the taxpayer from negligence penalties, good faith reliance on professional advice concerning tax laws is a defense."

     Defendant's contention that only in very limited circumstances have federal courts found reasonable cause excusing the failure to pay estate tax in reliance of an attorney, accountant or other expert is not supported.  Absent some affirmative showing of fault by the fiduciary, the cases uniformly hold that good faith reliance on an accountant is a defense to the Negligence Penalty.

     ***Shotgun Delivery v. United States of America***, no. 00-15495 (9th Cir., 2001) held that the question of whether taxpayer, **Shotgun**, reasonably relied on its accountant's advice should have gone to trial, and therefore the District Court's summary judgment as to the penalty assessment was reversed. **Shotgun** contended that its mileage reimbursement plan qualified as a tax-exempt accountable plan under IRS regulations, that it substantially complied with the law and that the penalties were improper because the plan was structured in accordance with the advice of its accountant.  The opinion stated: "Substantial compliance with regulatory requirements may suffice when such

requirements are procedural and when the essential statutory purposes have been fulfilled (***American Air Filter Co. v. Commissioner of International Revenue***, 81 T.C. 709, 719 (1983)).  Full compliance is necessary when the requirement relates to the substance of the statute where the essential purposes have not been fulfilled."

CONCLUSION

The request for extension of time to pay substantially complied with the law because all information was provided that would have been provided on a separate Form 4768.  All tax was timely and properly paid.  Even if there was an error by not using a separate form, it is not chargeable to plaintiff because there was good cause for any error in form and he was not willfully negligent.

WHEREFORE, plaintiff respectfully requests that defendant's motion for summary judgment be denied.

                                      Respectfully submitted,

Dated:  March 27, 2008                _____
                                      EDWARD W. SUMAN
                                      Attorney for Plaintiff Ronald B. Baccei

C:\MyDocuments\Clients\Pucci\IRS\MemP&AOppSJ.pld.doc