JOSEPH P. RUSSONIELLO  (CSBN 44332)
United States Attorney
THOMAS MOORE  (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:   (415) 436-7017
 Fax:             (415) 436-6748

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **RONALD B. BACCEI, Trustee of the Eda O. Pucci 2004 Revocable Trust,** | ) ) Case No. 07-5329-PJH |
| Plaintiff, | ) ) **OPPOSITION TO PLAINTIFF'S** |
| v. | ) **MOTION FOR** ) **SUMMARY JUDGMENT** |
| **UNITED STATES OF AMERICA,** | ) Date: May 7, 2008 ) Time: 9:00 a.m. |
| Defendant. | ) Place: Courtroom 3, 17th Floor |

**FACTS**

The parties have stipulated to the facts. See Stipulated Facts for Cross-Motions for Summary Judgment.

**ARGUMENT**

A.    The "Substantial Compliance" doctrine is not appropriate in this case

Plaintiff, in his motion for summary judgment, argues that he substantially complied with the requirements of Internal Revenue Code, Section 6161 because his letter contained all the information necessary to request an extension of time to pay, and he had fulfilled the "essential purpose" of the statute.  Plaintiff relies on Germantown Trust Co. v. Commissioner and American Air Filter v. Commissioner in making his argument.

Germantown Trust held that a fiduciary return that "contained all of the data from which a tax could be computed and assessed although it did not purport to state any amount due as tax"

constituted a return for purposes of assessment.  Germantown Trust Co. v. Commissioner, 309 U.S. 304.

The case at bar does not involve a question as to whether the estate tax return constitutes a return for purposes of assessment.  Moreover, even assuming the plaintiff's "substantial compliance" doctrine applies, the extension of time to pay filed by plaintiff did not contain all the data from which an extension of time to pay could be granted by the Internal Revenue Service.  In order to timely file an application for extension of time to pay, the plaintiff's application must: 1) be in writing, 2) state the period of the extension requested, 3) include a declaration that it is made under penalties of perjury, and 4) if the application is based upon reasonable cause or undue hardship to the estate, the application must include a statement of such reasonable cause or undue hardship.  26 C.F.R. § 20.6161-1(b).

Plaintiff failed to state the period of the extension requested, include a declaration that it was made under penalties of perjury, and a statement evidencing reasonable cause or why a denial of the extension would result in undue hardship to the estate.

The requirements to file a timely application for extension of time to pay contained in the Treasury Regulations are not merely "procedural" as plaintiff suggests.  An extension of time to pay under 26 U.S.C. § 6161 is not an automatic extension granted by the IRS.  Rather, § 6161 gives the IRS discretion extend the time to pay tax "for a reasonable period not to exceed 6 months (12 months in the case of estate tax) from the date fixed for payment thereof." 26 U.S.C. § 6161(a)(1).

> **Sec. 6161. Extension of time for paying tax.**
> **(a) Amount determined by taxpayer on return.**
> **(1) General rule.**  The Secretary, except as otherwise provided in this title, may extend the time for payment of the amount of the tax shown or required to be shown, on any return or declaration required under authority of this title (or any installment thereof), for a reasonable period not to exceed 6 months (12 months in the case of estate tax) from the date fixed for payment thereof.  Such extension may exceed 6 months in the case of a taxpayer who is abroad.

Contrary to the plaintiff's contentions, Mr. Bagley did not request a six-month extension of time to pay.  Part III (Extension of Time to Pay) of the Form 4768 does not state the extension date requested in the designated box.  Nor does the letter from Mr. Bagley dated June 16, 2006

1  make any mention of request for a six-month extension. Mr. Bagley's aforementioned letter
2  requests an automatic extension of time to file. (Bagley letter, paragraph 2). The letter further
3  states that the tax due cannot be paid at the time, and that "we seek this extension of time to pay
4  as well as asking that no penalty be asserted." (Bagley letter, paragraph 3, indented paragraph).
5  No where does the letter mention a six-month extension request.

6      Plaintiff is mistaken in assuming that the automatic six-month extension that applies to
7  extensions of time to file also applies to extensions of time to pay. There is a clear distinction
8  between an extension of time to file and extension of time to pay. An estate will be allowed an
9  *automatic 6-month extension* of time to *file* a Form 706 United States Estate (and Generation-
10 Skipping Transfer) Tax Return if a Form 4768 is filed on or before the due date for filing Form
11 706 and in accordance with the procedures of the section. 26 C.F.R. § 20.6081-1(b). In contrast,
12 an extension of time to *pay* is not automatic but discretionary and *may* be granted for a
13 reasonable period of time, not to exceed 12 months, by the district director or the director of a
14 service center, at the request of the executor, if an examination of all the facts and circumstances
15 discloses that such request is based upon reasonable cause or undue hardship. 26 C.F.R. §
16 20.6161-1(a).

17     American Air Filter v. Commissioner held that substantial compliance with regulatory
18 requirements may suffice when such requirements are procedural and when the essential
19 statutory purposes have been fulfilled. American Air Filter Co. v. Commissioner, 81 T.C. 709.
20 This case is distinguishable from the case at bar for several reasons. First, American Air Filter
21 involved the exclusion of a controlled foreign corporation's (CFC) Subpart F income by a U.S.
22 shareholder on its federal corporate income tax returns, which is not at issue here. Plaintiff is
23 suing for a refund of the late payment penalty. Second, the Tax Court held that petitioner had
24 effectively elected Section 963 (now repealed) because he fulfilled the "essential purpose" of the
25 statute, did not adopt a position inconsistent with an earlier action or omission to benefit from
26 hindsight, and the Commissioner was not prejudiced by the untimely election.

27     The purpose of Section 963 was to provide U.S. shareholders relief from double taxation
28 in circumstances where Congress considered that the shareholder was not deriving an undue tax

1  advantage from the use of a tax haven. Section 963 required that a U.S. shareholder elect that
2  section for each year in which the shareholder seeks to exclude Subpart F income.
3        The Tax Court held that American Air Filter effectively elected the 963 election for
4  several reasons, none of which apply to this case. First, Section 963 permitted the exclusion of
5  Subpart F income if the U.S. shareholder received the required minimum distribution and made
6  the election for the applicable taxable year. It is the receipt of the required minimum distribution
7  that entitles the U.S. shareholder to exclude the CFC's Subpart F income, and that forms the
8  underlying purpose of the statute. If the U.S. shareholder in substance receives a minimum
9  distribution of the CFCs E&P, such that the ETR approximates what the U.S. tax rate would
10 have been, the shareholder has in effect satisfied the essential purpose of the statute, which is to
11 provide relief for those taxpayers that do no try to shelter foreign income. The Tax Court found
12 substantial compliance with the statute primarily because the underlying transaction was
13 consistent with the essential purpose of the statute, not because the return "provided the
14 Commissioner with most of the information which the regulations required."
15       The statute applicable to the case at bar relates to extension of time to pay estate tax. The
16 essential purpose of the statute is to grant a discretionary extension of time to pay to provide
17 relief to taxpayers that can show reasonable cause or undue hardship. While plaintiff did state a
18 reason why the amount of estate tax could not be paid at the time, he failed to request a specific
19 time extension. Since Section 6161 is not an automatic extension of time to pay, the taxpayer's
20 request for a specific extension of time to pay is a crucial component of the "essential purpose"
21 of the statute.
22       Second, American Air Filter had previously elected to exclude Subpart F income of its
23 CFCs pursuant to the minimum distribution rules of Section 963 for the tax years 1964-1973, and
24 1975-1976. There is no evidence that plaintiff has made such requests for extensions under
25 Section 6161 before, so as to infer intent to make a request for an extension for the year at issue
26 as well.
27       Since the plaintiff's extension of time to pay did not contain all the data from which an
28 extension of time to pay could be granted by the IRS nor did it fulfill the "essential purpose" of

US Opposition to Plaintiff's
Motion for Summary Judgment,
Case No. 07-5329-PJH     4

1  Section 6161, his extension of time to pay did not substantially comply so as to constitute a
2  timely application for an extension of time to pay.
3       B.    <u>CPA Bagley's error is chargeable to plaintiff because he did not give substantive advice on a debatable position</u>.
4
5       Plaintiff contends that the negligence penalty should not be upheld in this case because
6  there were no overtones of profit seeking or definite warnings to the taxpayer. However, the
7  cases cited by plaintiff relate to reliance on an accountant or attorney's advice in the context of
8  taking certain deductions.
9       Here, CPA Bagley did not advise plaintiff to take aggressive deductions nor did he advise
10 that plaintiff take a position that was "reasonably debatable." Therefore, the cases cited by
11 plaintiff are distinguishable from this case and Mr. Bagley's error should be chargeable to
12 plaintiff.
13      C.    <u>Plaintiff's request for an attorney's fee is premature</u>.
14      In requesting an award for an attorney's fee, Plaintiffs are required to establish that they
15 were the "prevailing party" as defined in 26 U.S.C. § 7430(c)(4). Section 7430(c)(4)(A)(i)(I)
16 provides that plaintiff establish that it "has substantially prevailed with respect to the most
17 significant issue or set of issues presented..." Because this Court has not ruled on the pending
18 motions for summary judgment, plaintiff is unable to establish that he has prevailed with respect
19 to the most significant issue or set of issues. Accordingly, plaintiff's request for an attorney's fee
20 should be denied.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

US Opposition to Plaintiff's
Motion for Summary Judgment,
Case No. 07-5329-PJH                    5

## **CONCLUSION**

Based on the foregoing reasons, and the reasons set forth in the United States' Motion for Summary Judgment and Memorandum in Support, the United States respectfully requests that this Court deny summary judgment for the plaintiff and grant summary judgment in favor of the United States.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Date: April 9, 2008

/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney
Tax Division