1  JOSEPH RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
     9th Floor Federal Building
5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
6    Telephone: (415) 436-7017

7  Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **RONALD B. BACCEI, Trustee of the Eda O. Pucci 2004 Revocable Trust,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**UNITED STATES OF AMERICA**<br><br>    **Defendant.** | Case No. 07-5329-PJH<br><br>**FURTHER BRIEFING**<br>**BY THE UNITED STATES** |

This case came before the court on cross-motions for summary judgment on May 7, 2008. At that hearing the court heard argument. Following the hearing, the court ordered counsel for the government to address the issue of "reasonable cause" in a supplemental brief and thereby provide the Plaintiff an opportunity to respond in writing.

**ISSUE**

**Ronald B. Baccei did not show reasonable cause to excuse his failure**

**to pay the tax under 26 C.F.R. § 20.6161-1(b).**

If an application for extension of time to pay a tax [Form 4768] is based upon "reasonable cause," the application must include a statement of such reasonable cause or undue hardship. 26 C.F.R. § 20.6161-1(b).

//

//

1  In its Motion for Summary Judgment, the government states:

2  [Ronald B. Baccei] filed a Form 4768 with the Internal Revenue Service within the requisite statute of limitations but that Form qualified for the extension of time to file. Plaintiff did not
3  file a separate Form 4768 to pay the tax. The Form 4768 filed by the Plaintiff cannot meet the requirements of an extension of time to pay because Plaintiff failed to check the box in
4  Part III of Form 4768 requesting an extension of time to pay, thus it was an incomplete Form 4768. He made a written request for extension of time to pay U.S. estate tax, but failed to
5  state the period of the extension requested, include a declaration that it was made under penalty of perjury, *and a statement evidencing reasonable cause* or why a denial of the
6  extension would result in undue hardship to the estate.

7  Government's Motion for Summary Judgment, p.3, lines 12-20 (emphasis added.); 26 C.F.R. §

8  20.6161-1(b).

9  At the May 7 hearing, counsel for the United States argued that Plaintiff did not provide a

10  statement evidencing reasonable cause with the Form 4768. Plaintiff's submission with the Form

11  4768 (which the government argues was not a valid application to extend the time to pay the tax)

12  did not set forth "reasonable cause" for the inability to timely pay. That letter states:

13  There are more than adequate liquid assets in the Estate to pay the tax. However, due to litigation, letters testamentary appointing Mr. Ronald B. Baccei were only approved on May
14  17, 2006. They were promptly delivered to the bank wherein most of the liquid assets are on deposit. The bank, however, has to date not approved the release of funds to Mr. Baccei as
15  trustee so that the tax could be paid as such....

16  Letter, Exhibit B to the Complaint

17  Section 20.6161-1 of the Treasury Regulations set forth the basis for granting an extension of

18  time based on reasonable cause. The examples set forth therein include (1) an estate with

19  sufficient liquid assets which are located in several jurisdictions and are not immediately

20  available to the executor; (2) an estate with assets that do not have sufficient present cash value

21  to pay the tax and the estate cannot otherwise borrow against the assets; (3) an estate with assets

22  that can only be collected through litigation and therefore the size of the gross estate is

23  unascertainable at the time the tax is otherwise due; (4) an estate that does not have sufficient

24  assets (without borrowing at a high rate of interest) to pay the entire estate tax and provide a

25  reasonable allowance during the remaining period of administration for the decedent's widow

26  and dependent children. See 26 U.S.C. §20.6161-1.

27  Plaintiff's letter, attached to the Form 4768, does not set forth grounds for reasonable cause

28

Further Briefing By US
<u>Baccei v. US</u>,
Case No. 07-5329-PJH,                    2

as defined by the regulations as stated above.

The Instructions for Form 4768, Exhibit 1 to the Complaint, p. 3, Part III. Extension of Time to Pay, states:

> In general, an extension of time to pay will be granted only for the amount of the cash shortage. You must show on Part IV of the amount of the estate (and GST) tax (attach a copy of the return if it has already been filed; otherwise state the tax), the amount of the cash shortage, including a statement of the current assets already distributed, a plan for partial payments during the extension period, and the balance due. To avoid penalties and additional interest, you must pay any balance due with this form.

See Exhibit 1 to Complaint.

Plaintiff's letter, attached to the Form 4768, does not address when payment can be made. In fact, from Plaintiff's letter it appears that the funds were due to be released by the bank.

## **CONCLUSION**

For the reasons set forth in the government's Motion for Summary Judgment and those stated herein, the United States of America, respectfully requests that this Court enter summary judgment in favor of the United States.

                                        Respectfully submitted,

                                        JOSEPH RUSSONIELLO
                                        United States Attorney

Date: May 9, 2008                    /s/ Cynthia Stier
                                        CYNTHIA STIER
                                        Assistant United States Attorney