EDWARD W. SUMAN, SBN 46026
881 Sneath Lane, Suite 218
San Bruno, CA 94066
(650) 583-3200 Telephone
(650) 583-1689 Fax

Attorney for Plaintiff,
Ronald B. Baccei

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald B. Baccei, Trustee of the Eda O. Pucci 2004 Revocable Trust, | Case No. C 07 5329 PJH |
| Plaintiff, | PLAINTIFF'S SUPPLEMENTAL BRIEF |
| v. | |
| The United States of America, | |
| Defendant. | |

Plaintiff Ronald B. Baccei submits his supplemental brief pursuant to order of this Court on May 7, 2008, as follows:

<u>The Application for Extension of Time to Pay the Tax
Stated Reasonable Cause</u>

The Internal Revenue Service informed Mr. Baccei that the penalty was imposed for failure to pay the tax. The reason given is in a letter dated April 11, 2007, attached to the complaint as Exhibit "F." That letter in the third paragraph includes the following: "Our records show you filed the return by the extended due date. However, you did not request an extension of time to pay the tax." The government argues that the application lacks a statement of reasonable cause or undue hardship. An explanation by Dean Bagley, CPA, is

stated in his letter dated June 16, 2006, which he submitted with the Form 4768.  The letter stated in part:  "Enclosed is Form 4768, requesting an automatic extension of time to file."  He further stated:  "<u>In addition</u>, I believe the tax due is the sum of $131,327, but the amount cannot be paid at this time for the following reason:  ..."  The term "In addition" showed that the letter was added to Form 4768.  Under Part III, that form states:  "You must attach your written statement to explain in detail why it is impossible or impractical to pay the full amount of the estate (or GST) tax by the return due date."  That is what Mr. Bagley did.

The government contends that the period of the extension wasn't requested.  Mr. Bagley stated "We seek this extension of time to pay as well asking that no penalty be asserted."  The only extension requested was the six-month extension of time to file under Part II of Form 4768.  The instructions for Form 4768 are attached to the government's notice of motion for summary judgment as Exhibit 1.  Those instructions in Part III, Extension Of Time To Pay, on page 3, state:

> "The part of the estate tax for which the extension is granted must be paid with interest from the estate tax due date before the expiration of the extension granted."

By law, and by reasonable inference, the estate tax had to be paid within the six-month automatic extension period in which to file the return, and it was paid accordingly.

The government contends that the request wasn't made under penalty of perjury.  In fact, the request for extension of time to pay was explicitly made in

the letter submitted to the IRS with the Form 4768. That form above Mr. Bagley's signature, states: "Under penalties of perjury, I declare that to the best of my knowledge and belief, the statements made herein, and attached, are true and correct...." The doctrine of incorporation by reference does not require that the form and the letter be physically attached. See ***U.S. v. Towne***, 997 F.2d 537 (9th Cir. 1993), where the law enforcement officer's affidavit in support of a search warrant accompanied the warrant at the time it was presented for authorization, but was not physically attached. The opinion in an extensive analysis, held that the affidavit was incorporated by reference and was therefore valid.

Besides the bank's non-release of the funds, the tax couldn't be paid because the estate's real property had not been sold. The net estate tax turned out to be $1,684,408. In fact, the estate did have some funds in a bank account which could have been used as a partial payment towards the estate taxes, however, whether Mr. Bagley was aware of that information is not pertinent to whether he requested an extension of time to pay. The differences from his estimate do not go to the issue of whether a request of extension of time to pay was made. Mr. Bagley stated the information as he knew it at the time. He was only required to provide an estimate. He stated that most of the liquid assets were on deposit at the bank, and his understanding that the bank had not approved the release of the funds so that the tax could be paid. Form 4768, Part IV, by showing a balance due of $131,327 indicated his understanding of the amount of the shortage.

The use of a separate Form 4768, fully completed, would not have provided any additional information to the Internal Revenue Service. That form does not contain any part to state whether current assets have been distributed or a plan for partial payments during the extension period. By reasonable inference, the plan for partial payments could not be made without knowing when or whether the bank would release the funds.

### Conclusion

Mr. Bagley presented the information as he understood it to the Internal Revenue Service in a timely manner. Although the form was not prepared exactly according to the instructions for Form 4768, it requires a written statement of explanation when the taxpayer requests an extension of time to pay, which Mr. Bagley provided. The Internal Revenue Service received all information that it would have received, had both Forms 4768 been completed according to the instructions. All taxes were paid in accordance with the request for time to pay stated in Mr. Bagley's letter and there was no prejudice to the government.

Not every clerical error or oversight is due to negligence. The government has shown no evidence of a violation of the prevailing standard of care for CPA's in the community to establish that the deviation from the instructions for the form constitutes negligence.

WHEREFORE, plaintiff requests that the government's motion for summary judgment be denied and that summary judgment be granted for the plaintiff.

|   |   |
|---|---|
|   | Respectfully submitted, |

Dated: May ___, 2008

_____
EDWARD W. SUMAN
Attorney for Plaintiff Ronald B. Baccei

C:\MyDocuments\Clients\Pucci\IRS\Supplemental Brief.pld.doc