UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD B. BACCEI, Trustee of the Edo O. Pucci 2004 Revocable Trust,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

No. C 07-5329 PJH

**ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**

    The parties' cross motions for summary judgment came on for hearing before this court on May 7, 2008. Plaintiff appeared by his counsel Edward W. Suman, and defendant United States of America appeared by its counsel Cynthia Stier. Following the hearing, the court directed further briefing, which was completed on May 15, 2008. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion in part and DENIES it in part, and DENIES plaintiff's motion.

**BACKGROUND**

    This is an action seeking a refund of a penalty imposed by the Internal Revenue Service for late payment of a federal estate tax. Eda O. Pucci, who died on September 17, 2005, was the aunt of plaintiff Ronald B. Baccei, Trustee of the Eda O. Pucci 2004 Revocable Trust, dated October 8, 2004 ("the Trust"). Mrs. Pucci's estate consisted primarily of improved real property in San Francisco and San Mateo Counties, along with some unimproved property in Lake County.

Plaintiff, who was also the executor of the estate, acting through the Trust's attorney Edward W. Suman, retained Dean A. Bagley, a certified public accountant with the firm Fisher and Bagley, to prepare and file a Form 706 United States Estate (and Generation-Skipping Transfer) Federal Estate Tax Return ("Form 706") on behalf of the Trust.

Estate taxes are due nine months after the date of death, unless the taxpayer has obtained an extension of time to pay. See 26 U.S.C. §§ 6075(a), 6081(a). The Form 706 for the Pucci estate for the 2005 tax year was due on June 19, 2006. On June 16, 2006, Mr. Bagley filed a Form 4768 Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes ("Form 4768"), requesting an automatic six-month extension to file the estate tax return. Plaintiff was identified as the executor of the estate on the Form 4768.

Form 4768 contains four numbered parts, plus a space for the executor or other person filing the form to sign a verification under penalty of perjury. Mr. Bagley completed Part I ("Identification"); Part II ("Extension of Time to File Form 706, 706-A, 706-D, 706-NA or 706-QDT (Section 6081)"); and Part IV ("Payment to Accompany Extension Request") (showing balance due); but did not complete Part III ("Extension of Time to Pay – Section 6161") and did not write anything in the box labeled "Extension date requested." Under Part IV, Mr. Bagley indicated that the amount of the estate taxes "estimated to be due" and still owing was $131,327. Mr. Bagley signed the Form 4768 under penalty of perjury.

With the Form 4768, Mr. Bagley submitted a letter dated June 16, 2006, entitled "Request for extension of time to file and pay U.S. Estate Tax." The body of the letter stated as follows:

> I am writing as the Certified Public Accountant preparing the Form 706 for the above decedent.
>
> Enclosed is Form 4768, requesting an automatic extension of time to file.
>
> In addition, I believe the tax due is the sum of $131,327, but the amount cannot be paid at this time for the following reason:
>
>> There are more than adequate liquid assets in the Estate to pay the tax. However, due to the litigation, letters testamentary

> appointing Mr. Ronald B. Baccei were only approved on May 17, 2006. They were promptly delivered to the bank wherein most of the liquid assets are on deposit. The bank, however, has to date not approved the release of funds to Mr. Baccei as trustee so that the tax could be paid as such. We seek this extension of time to pay as well as asking that no penalty be asserted. The trustee has done all in his power to comply.

Based on the submission of the request for automatic extension of time to file the return, the extended due date for filing the return was December 19, 2006. The Form 706 was received by the IRS on December 19, 2006, and reported taxes owing in the amount of $1,684,408. On December 19, 2006, the IRS credited the Pucci estate with payment of the amount of $1,684,408.

By letter dated February 5, 2007, the IRS notified plaintiff that the estate owed a penalty of $58,954.28, plus interest in the amount of $69,801.00 on the tax of $1,684,408, because payment had not been timely made. Plaintiff contested the penalty by letter to the IRS dated February 15, 2007. The letter, written by Mr. Suman, stated, "We believe that this request for payment is improper because the real estate had to be liquidated before the tax could be paid. The estate paid the tax shortly after the real estate was liquidated."

Payment in the amount of $128,755.28 was made on February 22, 2007, for the assessed penalty and interest. By letter dated April 11, 2007, the IRS denied plaintiff's informal contest, asserting that plaintiff had failed to request an extension of time to pay the tax.

By letter dated June 12, 2007, plaintiff (through Mr. Suman) requested that the IRS refund the late payment penalty and interest, asserting that Mr. Bagley had sent an application for extension of time to file a return (the Form 4768) on June 16, 2006. By letter dated August 31, 2007, the IRS denied the claim, stating, "You did not request an extension of time to pay the tax." The letter also noted that "[i]nterest is charged on all late paid tax and cannot be abated for reasonable cause."

Plaintiff then filed the present action seeking a refund of the penalty and interest, alleging that a timely application for extension of time had been filed; that reasonable cause was established for a refund of the penalty; and that failure to refund the penalty was

3

unconscionable, and was contrary to the meaning of the Tax Code and an abuse of discretion.

Each side now seeks summary judgment. Plaintiff claims that he made a valid late payment request, showing reasonable cause for the late payment, and asserts that the estate is entitled to a refund of the penalty and interest paid thereon.[1] The United States contends that while plaintiff requested an extension of time to file the Form 706, he did not properly request an extension of time to pay the estate tax, and therefore failed to establish reasonable cause for the late payment and is not entitled to a refund of the penalty.

## DISCUSSION

A.  Legal Standards

   1.   Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Southern Calif. Gas. Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence

---

[1] It is not clear whether plaintiff seeks a refund of the interest charged on the late payment, which is not refundable, see 26 U.S.C. § 6601(a); 26 C.F.R. § 301.6601-1(a), (c); or whether he claims that interest was improperly charged on the penalty itself, and seeks refund of such amount.

4

of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

2.  Requests for Late Filing of Tax Returns and Late Payment of Taxes

An estate will be allowed an automatic six-month extension of time to file a Form 706 tax return if Form 4768 is filled out on or before the date on which the Form 706 is due to be filed. 26 C.F.R. § 20.6081-1(b). The Form 4768 must include an estimate of the amount of the tax liability. Id. § 20.6081-1(a). However, an extension of time for filing a return does not operate to extend the time for payment of the tax. "If an extension of time to file a return is obtained, but no extension of time for payment of the tax is granted, interest will be due on the tax not paid by the due date and the estate will be subject to all applicable late payment penalties." Id. § 20.6081-1(e).

The IRS may grant an extension of time to pay the tax shown on the estate tax return, for a reasonable period of time not to exceed twelve months, at the request of the executor, if "an examination of all the facts and circumstances discloses that such request is made upon reasonable cause." Id. § 20.6161-1(a)(1). In addition, if "the district director finds that payment on the due date . . . would impose undue hardship upon the estate," he may extend the payment due date as detailed in the applicable regulations. Id. § 20.6161-1(a)(2).[2]

An application containing a request for extension of time to pay "shall be in writing, shall state the period of the extension requested, and shall include a declaration that it is made under penalties of perjury." Id. § 20.6161-1(b). If the application is based on an assertion of reasonable cause or undue hardship to the estate, the executor must include a statement of such reasonable cause or undue hardship. Id.

---

[2] "Undue hardship" involves more than mere inconvenience. A taxpayer claiming undue hardship must show that he/she would sustain a substantial financial loss if forced to pay a tax on the due date. Id. § 20-6161-1(b). Plaintiff in this action has not argued that payment on the due date would have imposed undue hardship on the estate.

5

3.     Penalties for Late Payment of Taxes

Title 26, United States Code, § 6651(a) imposes penalties for the late filing of tax returns, or the late payment of taxes. An exception is provided for cases where failure to timely file a return or pay taxes was "due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1).

A taxpayer who wishes to avoid penalties for failure to file a return or pay tax on time "must make an affirmative showing of all facts alleged as a reasonable cause for his failure to file such return or pay such tax on time in the form of a written statement containing a declaration that it is made under penalty of perjury." 26 C.F.R. § 301.6655-1(c)(1). A taxpayer must demonstrate both that he acted with reasonable care, and that he lacked willful neglect. See United States v. Boyle, 469 U.S. 241, 245-46 & nn.3-4 (1985). "Willful neglect" involves a conscious, intentional failure or reckless indifference. Id. at 246.

A failure to timely pay taxes is due to "reasonable cause" if the taxpayer makes "a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he paid on the due date." Id. In making this determination,

> consideration will be given to all the facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in light of the income (or other amounts) he could, at the time of such expenditures, reasonably expect to receive prior to the date prescribed for the payment of the tax. . . . A taxpayer will be considered to have exercised ordinary business care and prudence if he made reasonable efforts to conserve sufficient assets in marketable form to satisfy his tax liability and nevertheless was unable to pay all or a portion of the tax when it became due.

26 C.F.R. § 301.6651-1(c)(1).

B.     The Parties' Cross-Motions

In order to resolve the dispute between the parties, the court must determine, first, whether the United States has established cause for imposing the late-payment penalty on the estate; and second, whether plaintiff has shown that he acted with reasonable care and a lack of willful neglect, such that he should not be assessed a penalty for the late payment. As the court reads the applicable statutes and regulations, these are two separate inquiries.

6

1.	The imposition of the late-payment penalty

The United States argues that plaintiff failed to timely file an application for extension of time to pay the tax, with the result that he failed to obtain leave from the IRS for the late payment. The United States asserts that while plaintiff did comply with the requirements for obtaining an extension of time to file the return, his application was not sufficient to also constitute a request for an extension of time to pay.

First, the United States argues, while plaintiff filed the Form 4768 with the IRS within the limitations period – that is, before the date the Form 706 was due – the Form 4768 did not qualify him for an extension of time to pay, because he failed to check the box in Part III (seeking an extension of time to pay).

Second, the United States asserts that the Form 4768 plus the Bagley letter, which plaintiff claims together constituted a request for an extension of time to pay, did not satisfy the requirements of 26 C.F.R. § 20-6161-1(b) because Mr. Bagley failed to state the period of the extension requested, failed to include a declaration that the request was made under penalty of perjury, and failed to include a statement evidencing reasonable cause or showing why a denial of the extension would result in undue hardship to the estate.[3]

The United States contends that because this written request failed to meet the requirements for an extension of time to pay the federal estate tax, the IRS properly assessed a penalty for the late payment of the estate tax, and the Trust is not entitled to a refund of late payment penalties.

Plaintiff, on the other hand, asserts that the request was timely and sufficient; and that the IRS should not have imposed the penalty because his request established reasonable cause for the granting of an extension of time to pay. He argues that the fact

---

[3] The United States also argues that the application was improper because the instructions to Form 4768 provide that a separate form is required to request an extension of time to pay. However, the instructions to Form 4768 are not the equivalent to a statute or regulation that has the force of law, and the United States points to no statutory or regulatory support for this argument. Moreover, the United States has misread the instructions, which do not require one application for a request for an extension of time to file and another application for a request for an extension of time to pay. Indeed, Form 4768 is labeled, "Application for Extension of Time to File a Return and/or Pay . . . Taxes" (emphasis added).

7

that he failed to check the Box in Part III of Form 4768 and the fact that he did not literally comply with all the requirements for requesting an extension of time to pay is not determinative, because his request was in writing and included all the information necessary for the IRS to determine that reasonable cause existed to grant the request. He relies on Germantown Trust Co. v. C.I.R., 309 U.S. 304 (1940), a case in which the Supreme Court held that a tax return was complete, even though it failed to include the required computation of the tax, because it stated all the information necessary to calculate the tax. See id. at 308-10.

The Germantown decision is not helpful to plaintiff in this case. In Germantown, the issue was whether a fiduciary return that contained all the data from which a tax could be computed and assessed, but did not state any amount due as tax, constituted a "return" for purposes of assessment. The Supreme Court held that although the corporation had filed an incomplete return, it nonetheless constituted a return because it contained all of the information necessary to compute the corporate tax. The Court rejected the IRS's contention that the faulty return was "no return" for purposes of determining the applicable limitations period for assessing taxes. Id. at 309. By contrast, the present action involves neither the submission of an incomplete return, nor the question whether the estate tax return that plaintiff eventually filed constitutes a return for purposes of assessment.

Plaintiff also contends that Mr. Bagley complied with the instructions under Part III of Form 4768, which provide that "[y]ou must attach your written statement to explain in detail why it is impossible or impracticable to pay the full amount of the estate (or GST) tax by the return due date . . . " He argues that the letter Mr. Bagley enclosed with the Form 4768, stating, "We seek this extension of time to pay as well as asking that no penalty be asserted," satisfied the requirement set forth in the instructions under Part III of the form.

With regard to the amount of time requested, plaintiff asserts that in requesting the automatic six-month extension of time to file, Mr. Bagley also requested a six-month extension of time to pay. At the hearing on the motion, plaintiff's counsel Mr. Suman conceded that Mr Bagley never stated a specific time for the extension to pay. However,

8

he described Mr. Bagley's failure to complete Part III of the Form 4768 as a "clerical error," which "was not material or prejudicial" to the IRS.

Mr. Suman argued in addition that the amount of time should have been "inferred from the form," and from the statement in the letter, "We seek this extension of time . . . ." He asserted that because the maximum extension allowable for late payment is twelve months, and because the request for the extension to file was for six months, the IRS "should have known that the request was for six months." He also took the position that if the IRS considered the application incomplete, it should have denied the request so that plaintiff could have submitted another application.

The court finds that the IRS properly assessed a penalty for late payment of taxes. Plaintiff paid the taxes late, and did not obtain leave from the IRS to do so. The statutes and regulations do not provide for any automatic extension of time to pay. A taxpayer may pay taxes late without payment of penalty only if he establishes either reasonable cause or undue hardship to the satisfaction of the IRS, and obtains approval from the IRS to pay the taxes late.

Moreover, contrary to plaintiff's assertion, Mr. Bagley did not request a six-month extension of time to pay. Part III of the Form 4768, which includes a box labeled "Extension date requested (Not more than 12 months)," is not filled out, and nowhere on the Form 4768 or on the accompanying letter does Mr. Bagley mention a request for a six-month extension of time to pay the tax. The letter refers to an automatic extension of time to <u>file</u>, and also states that the tax cannot be paid at that time, and that "[w]e seek this extension of time to pay as well we ask that no penalty be asserted," but nowhere specifies the amount of the extension sought.

As for plaintiff's suggestion that the IRS should have considered that the automatic six-month extension that applies to extensions of time to file to also apply to the purported request for the extension of time to pay, the court notes that the statutes and regulations make a clear distinction between extensions of time to file and extensions of time to pay. A six-month extension of time to file is allowed if a Form 4768 is filed on or before the due

1  date for filing Form 706.  By contrast, an extension of time to pay is not automatic, but
2  discretionary, and may be granted for a reasonable period of time, not to exceed 12
3  months, if an examination of all the facts and circumstances discloses that the request is
4  based on reasonable cause or undue hardship.  26 C.F.R. § 20.6161-1(a).

5  Plaintiff argues, however, that he "substantially complied" with the requirements for
6  requesting an extension of time to pay.  In support, he cites Germantown, discussed
7  above, and American Air Filter Co. v. C.I.R., 81 T.C. 709 (1983).  In American Air Filter, the
8  court held that substantial compliance with regulatory requirements may suffice for
9  purposes of compliance with the tax code when such requirements are procedural and
10 when the essential statutory purposes have been fulfilled.  Id. at 719.  Full compliance is
11 necessary, however, when the requirements relate to the substance or essence of a
12 statute.  Id.

13 American Air Filter ("AAF") was a global company with subsidiaries throughout the
14 world.  One of the issues for decision was whether AAF had effectively elected to receive
15 minimum distributions from two of its foreign subsidiaries pursuant to § 963 of the Internal
16 Revenue Code for the 1974 tax year.  AAF argued that it had "substantially complied" with
17 the requirements for a valid § 963 election, while the government asserted it had not
18 because it had not filed a timely election statement as required by the Treasury
19 Regulations.

20 The court concluded that AAF's officers had intended to file the election for 1974,
21 and believed they had done so.  The court held that "substantial compliance with regulatory
22 requirements may suffice when such requirements are procedural and when the essential
23 statutory purposes have been fulfilled."  Id. at 719 (citations and quotations omitted).  The
24 court found that the petitioner had effectively elected 963 because it had fulfilled the
25 "essential purpose" of the statute – which was to provide relief for those taxpayers who do
26 not try to shelter foreign income.  Id.

27 Plaintiff also relies on a decision from the Ninth Circuit, Shotgun Delivery, Inc. v.
28 U.S., 269 F.3d 969 (9th Cir. 2001).  In that case, the plaintiff ("Shotgun"), a messenger

10

service, had paid its employees using a formula partly based on a calculation of IRS mileage reimbursement rates. The IRS determined that Shotgun should have deducted employment taxes from the amounts paid the drivers, and also assessed penalties against Shotgun. The Ninth Circuit cited American Air Filter, but found that the substantial compliance doctrine did not apply, as the reporting requirement at issue "enforce[d] the fundamental distinction between taxable compensation and tax-exempt reimbursement which underpins this entire aspect of the tax system," and was therefore "clearly substantive." Id. at 974.

The "substantial compliance" doctrine is an equitable doctrine designed to avoid hardship in cases where a party has done all that can reasonably be expected, but in the context of statutory requirements, can be applied only where it would not defeat the policies underlying the statutory provisions. Sawyer v. County of Sonoma, 719 F.2d 1001, 1008 (9th Cir. 1983). Thus, the doctrine of substantial compliance may be problematic where deadlines are at issue. See United States v. Locke, 471 U.S. 84, 101 (1985) ("[f]iling deadlines . . . necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them"); Boyle, 469 U.S. at 249 ("[a]ny less rigid standard would risk encouraging a lax attitude toward filing dates").

The Internal Revenue Code and the applicable Treasury Regulations set strict deadlines for the payment of taxes, and Congress delegated to the Commissioner of Internal Revenue the task of establishing procedures for taxpayers to seek extensions of time to file returns and to pay taxes. The IRS has promulgated regulations establishing such procedures, and has also determined that penalties encourage voluntary compliance with the tax laws. See IRS Manual § 20.1.1.2.1.

In the present case the statutes and regulations relating to extensions of time to pay taxes impose on the taxpayer seeking such an extension the obligation of providing the IRS with information necessary to allow the IRS to determine whether an extension of time to pay is warranted. The information requested is essential to a determination whether the taxpayer can establish reasonable cause or undue hardship. As in Shotgun, the

requirements are clearly substantive, because they relate to the information necessary for the IRS to determine whether the taxpayer is eligible for what in effect constitutes a waiver of the statutory requirement that estate taxes be paid nine months after the date of death.

While Mr. Bagley did state a reason, in the letter that accompanied the Form 4768, explaining why the tax could not be paid by the due date, the request was not made in accordance with the regulatory requirements. Because § 6161 does not provide an automatic extension of time to pay, the requirement that the taxpayer request a specific extension of time is a crucial component of the "essential purpose" of the statute, as it is part of the information the IRS requires in order to make the discretionary determination whether the request for the extension should be granted.

The request for extension of time to pay submitted by Mr. Bagley did not contain all the information from which an extension could be granted by the IRS. While the request was made in writing, and was arguably made under penalty of perjury – as Mr. Bagley signed the Form 4678, if not the accompanying letter, under penalty of perjury – the request did not, as noted above, state the period of the extension requested.

Nor did the request provide an adequate statement of all the "facts and circumstances" constituting reasonable cause or a statement explaining why a denial of the extension would result in hardship to the estate. For example, the request did not state the total amount of liquid assets that plaintiff claimed would be available to pay the tax once the bank had approved the release of funds; did not state whether any assets were available to pay some portion of the tax at the time it was due; did not state when plaintiff anticipated that sufficient assets would become available; and did not state whether plaintiff had explored other means of obtaining the funds, such as selling the real property prior to the payment due date.

Plaintiff argues that the Form 4768 does not contain a section asking for a statement of whether current assets have been distributed or whether there is a plan for partial payments during the period of the extension requested. This argument ignores the instructions for Part III, which state that "[y]ou must attach your written statement to explain

12

in detail why it is impossible or impracticable to pay the full amount of the estate (or GST) tax by the return due date" (emphasis added). Moreover, the instructions for Form 4768 clearly indicate that the applicant is required to state "the amount of the cash shortage, including a statement of the current assets already distributed, a plan for partial payments during the extension period, and the balance due."[4]

The substantial compliance doctrine does not apply here because it would permit plaintiff to evade the substantive requirements that the IRS has established to govern its determinations regarding extensions of time to pay. The requirements set forth in the regulations are not merely "procedural," as plaintiff suggests. An extension of time to pay under 26 U.S.C. § 6161 is not an automatic extension granted by the IRS. Rather, § 6161 gives the IRS discretion to extend the time to pay an estate tax "for a reasonable period" not to exceed twelve months from the date fixed for payment.

2.  Whether plaintiff has shown that he acted with reasonable care and lack of willful neglect

The more significant question for purposes of this action is whether plaintiff is entitled to a refund of the penalty. Plaintiff bears the burden of presenting evidence showing that the failure to make timely payment "is due to reasonable cause and not due to willful neglect." See 26 U.S.C. § 6651(a). To demonstrate "reasonable cause," plaintiff must show that he "exercised ordinary business care and prudence" and was nevertheless unable to make the payment within the time prescribed. Boyle, 469 U.S. at 243.

Here, plaintiff asserts that even if Mr. Bagley erred, he (plaintiff) exercised due care and was not willfully neglectful, although he provides no evidence to support his claim of lack of willful neglect. The United States, on the other hand, contends that it is unnecessary for the court to consider reasonable cause, because plaintiff failed to obtain leave to file the taxes late in the first place; but argues in addition that plaintiff cannot show

---

[4] Although neither party mentions this issue, the court is struck by the fact that the Form 4768 filed by Mr. Bagley on June 16, 2006 stated an estimated tax due in the amount of $131,327, which was less than 8% of the $1,684,408 reported as due in the Form 706 filed six months later, on December 19, 2006.

13

reasonable cause because he did not show reasonable cause in the Form 4768. The United States does not address the question of willful neglect.

Plaintiff argues that "the vast weight of authority" excuses the "negligent penalty" absent a showing of intent to profit by late payment or willful neglect. He cites a number of Ninth Circuit cases involving challenges to the imposition of negligence penalties under former 26 U.S.C. § 6653, for negligent or intentional disregard of income tax rules and regulations, in connection with deductions taken by taxpayers on their personal income tax returns – Henry v. C.I.R., 170 F.3d 1217, 1219-21 (9th Cir. 1999); Skeen v. C.I.R., 864 F.2d 93, 96 (9th Cir. 1989); Collins v. C.I.R., 857 F.2d 1383, 1386 (9th Cir. 1988); Betson v. C.I.R., 802 F.2d 365, 372 (9th Cir. 1986); and Foster v. C.I.R., 756 F.2d 1430, 1439 (9th Cir. 1985). He argues that the cases that uphold such negligence penalties have overtones of profit-seeking or definite warnings to the taxpayer, and asserts that those factors do not exist here.

Plaintiff also asserts that he relied on the advice of the Trust's accountant, Mr. Bagley, citing again to the Ninth Circuit's decision in Shotgun. Shotgun had appealed the IRS's decision to impose penalties on the ground that it had reasonably relied on the advice of its outside accountant. The court noted that in general, when an accountant advises a taxpayer on a matter of tax law, it is reasonable for the taxpayer to rely on that advice. Shotgun, 269 F.3d at 974. The court found, drawing all permissible inferences in Shotgun's favor, that the summary judgment as to the penalties should be reversed.

Similarly, in the present case, plaintiff asserts that he was not experienced in tax preparation or estate administration, and that he "prudently retained a well-qualified and knowledgeable CPA," who had previously prepared tax returns for Eda O. Pucci and her husband, and who was familiar with the estate. He provides a declaration, in which he states that he is a retired carpenter who did not graduate from high school; that he is inexperienced in preparing tax returns and has not prepared his own return for at least 20 years; that he has been a personal representative for two relatively small estates, but had no experience in preparing estate tax returns.

Plaintiff adds that since Mrs. Pucci's death, he has kept accurate financial records of her estate; that at the time of her death there were insufficient liquid assets to pay the federal estate taxes; that he provided all the financial information necessary for preparation of the federal estate tax return to Mr. Bagley, either directly or through Mr. Suman; that he authorized Mr. Bagley to prepare all appropriate tax papers and returns, and authorized Mr. Suman to handle the transfer of title to the properties so that they would be marketable; and that he retained a San Francisco real estate firm to list the San Francisco and San Mateo County properties.

Plaintiff argues that it is unreasonable to require him to have ascertained whether a form that he did not sign complied with the tax laws. He contends that such a rule would require him to second-guess and duplicate the work of his well-qualified and knowledgeable CPA. He asserts that this is not a case of a missed deadline to file a tax return, where filing deadlines are relatively well-known and the taxpayer has to sign the return. He claims that this is a case where the IRS accepted a request for an extension of time to file the return and pay the tax, without giving any notice of defect in the form; and then, after the full tax had been paid, issued a notice of assessment of penalties.

Plaintiff argues that the estate could not pay the taxes until the real property was sold, and that did not occur until November 2006.[5] Plaintiff asserts further that the non-adherence, if any, to the IRS instructional pamphlet was "procedural" and did not derogate from the essential statutory purposes, which the estate fulfilled by filing the Form 706 and paying the taxes within the six-month period, and by promptly paying the interest and penalty. He argues that the IRS was not prejudiced by his failure to literally comply with the instructions in 26 C.F.R. § 20-6161-1.

The United States contends, however, that Mr. Bagley's error is chargeable to plaintiff and does not constitute reasonable cause excusing the failure to pay tax. The United States contends that plaintiff should not be excused from the requirement to pay the

---

[5] This contradicts that statement in the Bagley letter attached to the Form 4768.

1 tax on time, because an executor's reliance on an attorney, accountant, or other expert
2 alone does not constitute reasonable cause excusing the failure to pay the tax under 26
3 U.S.C. § 6651(a)(2).

4 The United States also disputes plaintiff's claim that he was inexperienced as an
5 executor, noting that the evidence shows that plaintiff was intimately involved in the
6 administration of the estate and the Trust. The United States contends that as the
7 executor, plaintiff was responsible for ensuring that the taxes were paid, and his reliance on
8 a CPA to file the estate tax return and pay the tax does not constitute reasonable cause
9 excusing the failure to pay the tax under 26 U.S.C. § 6651(a)(2).

10 When a taxpayer fails to comply with the statutory requirements for obtaining an
11 extension, the law provides that a penalty be assessed for failure to comply with the law.
12 Boyle, 469 U.S. at 243-45. An executor's reliance on an attorney or other agent does not
13 constitute "reasonable cause" for a late filing. See id. at 249-50, 52. However, "[w]hen an
14 accountant or an attorney advises a taxpayer on a matter of tax law, such as whether a
15 liability exists, it is reasonable for the taxpayer to rely on that advice," as [m]ost taxpayers
16 are not competent to discern error in the substantive advice of an accountant or attorney."
17 Id. at 251; see also Estate of La Meres v. C.I.R., 98 T.C. 294, 314 (1992).

18 Mr. Bagley's error is chargeable to plaintiff because there is no evidence that Mr.
19 Bagley gave plaintiff substantive advice on a debatable position. Neither plaintiff nor Mr.
20 Bagley make any statement to that effect in their respective declarations. The cases cited
21 by plaintiff regarding the application of a "negligence penalty" under former 26 U.S.C.
22 § 6653 are distinguishable, as they all involve taxpayers who relied on the advice of
23 accountants or attorneys in the context of taking certain deductions. In all those cases, the
24 Ninth Circuit either reversed the penalty on the ground that the taxpayers had reasonably
25 relied on the advice of their accountants with regard to whether they had to pay taxes and if
26 so, how much (which includes whether they could take certain deductions); or affirmed the
27 penalty on the ground that such reliance was not reasonable.

28 Here, while plaintiff may have relied on Mr. Bagley to correctly request an extension

16

of time to pay the taxes, there is no claim that Mr. Bagley provided him with bad or incorrect advice concerning what deductions he could take or how much he was required to pay in taxes. See, e.g., Shotgun, 269 F.3d at 974 (penalties not warranted where taxpayer paid taxes in reliance on professional advice of its accountant).  As the Supreme Court made clear in Boyle, reliance on an agent to file a return or submit a form does not constitute reasonable cause.  There is no question here of Mr. Bagley having advised plaintiff to take aggressive deductions, or of having advised him to take a position that can be considered "reasonably debatable."

An individual's duty to file tax returns or pay taxes under 26 U.S.C. § 6651(a) cannot be delegated, and reliance on a third party, even a CPA, is not a reasonable cause for late filing. Boyle, 469 U.S. at 250; see also McMahan v. C.I.R., 114 F.3d 366 (2nd Cir. 1997); Estate of Fleming v. C.I.R., 974 F.2d 894 (7th Cir. 1992); Denenburg v. United States, 920 F.2d 301 (5th Cir. 1991).  If a taxpayer were allowed to delegate his duty to file a tax return, this would seriously impede the Government's ability to collect taxes fairly and efficiently. Boyle, 469 U.S. at 249.

Even an unsophisticated taxpayer is capable of determining when taxes are due.  In this case, the question concerns the correct procedure for requesting an extension of the payment date.  It was plaintiff's responsibility to ascertain the due date, and to make certain that a proper request for late payment had been made, and that permission to file late had been granted.

**CONCLUSION**

In accordance with the foregoing, the court finds that the United States' motion should be GRANTED in part and DENIED in part, and that plaintiff's motion should be DENIED.  Plaintiff paid the taxes late, and did not obtain leave from the IRS to do so. Thus, under the statute, the IRS was required to assess a penalty. See 26 U.S.C. § 6651(a)(2).  Summary judgment on this issue is GRANTED.

With regard to the question whether the penalty payment should be refunded, plaintiff has not established reasonable cause, and summary judgment is GRANTED on

this issue. The question whether plaintiff acted with willful neglect, however, was not adequately addressed by the parties in their briefs or in their arguments at the hearing. It is plaintiff's burden to affirmatively show both reasonable cause and lack of willful neglect, but in this case neither party met its burden on summary judgment.[6]

The parties shall meet and confer and submit a joint written statement to the court no later than July 18, 2008, setting forth their position as to how the court should best resolve this remaining issue.

**IT IS SO ORDERED.**

Dated: June 26, 2008

PHYLLIS J. HAMILTON
United States District Judge

---

[6] The court notes that plaintiff has also argued that he should be awarded attorney's fees under 26 U.S.C. § 7430 because the government's position was not substantially justified. The court finds that this request is premature, as the court has not yet found that plaintiff is a "prevailing party" as defined in 26 U.S.C. § 7430(c)(4).