```
1  JOSEPH RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
    9th Floor Federal Building
5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
6    Telephone: (415) 436-7000

7  Attorneys for the United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD B. BACCEI, Trustee of the Eda O. Pucci 2004 Revocable Trust,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. 07-5329-PJH<br><br>**JOINT STATEMENT BY THE PARTIES PURSUANT TO ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT** |

   By Order Re: Cross Motions for Summary Judgment, the court ruled that neither party adequately addressed the issue of "willful neglect." Therefore, the court ordered the parties to meet and confer and submit a joint written statement setting forth their positions as to how the court should best resolve the remaining issue.

   Plaintiff, Ronald B. Baccei, Trustee of the Eda O. Pucci 2004 Revocable Trust and Defendant, United States of America, submit this statement in response to the court's order.

**Position of the Plaintiff**

   Plaintiff contends that the Court should resolve the issue by having the parties submit their respective positions, which may include points of authorities and/or declarations, to be filed within twenty days of the court's order approving this request. Plaintiff further proposes that

1 each party have ten days after the twenty-day period to file their response, if any.  Plaintiff
2 submits a proposed order submitted as Exhibit A hereto.

**Position of the United States**

4 The government takes the position that no additional briefing or evidentiary submissions are
5 necessary.  Because the court found that Plaintiff failed to establish that the failure to timely pay
6 the taxes was due to "reasonable cause," it is unnecessary to reach the issue of whether such
7 failure to timely pay was due to "willful neglect."  <u>Fran Corp. v. US</u>, 164 F.3d 814, 819 (2nd Cir.
8 1999).  The Ninth Circuit adopted the analysis but not for the cited proposition.  See <u>Van Camp</u>
9 <u>v. Bennion</u>, 251 F.3d 862, 868 (9th Cir. 2001).

10 Based on the foregoing, it is the government's position that all issues have been resolved by
11 the court in it's Order on Cross Motions for Summary Judgment and the issue of "willful
12 neglect" does not remain ripe for consideration by the Court.   The government further contends
13 that additional evidence in this case is unnecessary and could only lead to confusion on the issue
14 of reasonable cause.  Therefore, the government is amenable to submit a short additional brief on
15 this issue, as discussed above, but does not agree that additional evidence is necessary or proper.

Respectfully submitted,

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

Dated: <u>July 17, 2008</u> :        <u>/s/ Cynthia Stier</u>
CYNTHIA STIER
Assistant U.S. Attorney

Attorneys for the United States of America

Dated: <u>July 17, 2008</u> :        <u>/s/</u>
EDWARD W. SUMAN
Counsel for Plaintiff